United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTATE OF JOSE MANUEL ZAMUDIO, and others,

Plaintiffs,

v.

COUNTY OF MONTEREY, and others,

Defendants.

Case No. 26-cv-01725-NC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FAC WITH LEAVE TO AMEND**

Re: ECF 23

Before the Court is Defendants County of Monterey, Monterey County Sheriff's Office (MCSO), and Deputies Jacob Meilan, Jose Herrera-Ponce, and Brian Scariot's Motion to Dismiss Plaintiffs' First Amended Complaint (FAC). Defendants seek to dismiss (1) the FAC's fourth, fifth, and sixth claims for failure to state a claim, and (2) MCSO as duplicative of Defendant County of Monterey.

For the reasons below, the Court GRANTS in part Defendants' Motion with respect to Plaintiffs' fifth and sixth claims; and DENIES in part Defendants' Motion as to the fourth claim and MSCO. Plaintiffs are granted leave file an amended complaint by October 5, 2026.

## I. BACKGROUND

The FAC alleges as follows. On January 29, 2025, Jose Manuel Zamudio had an alleged altercation with an individual in a parking lot, prompting him to leave in his

vehicle. ECF 8, FAC, ¶ 24. The Salinas Police Department were alerted to the alleged altercation and on the lookout for Zamudio's vehicle. *Id.* Zamudio had suffered and was suffering from mental health conditions. *Id.* ¶ 25.

A few hours later, Zamudio was spotted driving along the highway. FAC ¶ 26. MCSO deputies, including Melian, Herrera-Ponce, and Scariot, responded and attempted to stop Zamudio. *Id.* ¶ 27. Zamudio drove his vehicle off the highway and into an agricultural field. *Id.* Then, Zamudio exited his vehicle. *Id.* ¶ 28. Zamudio did not make verbal threats towards the deputies or engage in an act which would lead Defendants to believe they were at risk of imminent threat of death or serious bodily injury. *Id.* After exiting his vehicle, Zamudio was shot and killed by MCSO deputies Meilan, Herrera-Ponce, and Scariot. *Id.* ¶ 29.

The parties have consented to magistrate judge jurisdiction. ECF 6, 25.

## I. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). Legal conclusions must be adequately "supported by factual allegations." *Ashcroft*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). If the motion to dismiss is granted, leave to amend should also be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## II. DISCUSSION

### A. The Court Declines to Dismiss MCSO

MCSO is a department within Monterey County and is subject to suit under § 1983

*Monell* municipal liability. ECF 26 at 10; ECF 28 at 2. Plaintiffs assert identical allegations, theories of liability, and prayers for relief against both MCSO and Monterey County. ECF 28 at 3. Defendants, relying on *Fontana v. Alpine Cnty.*, 750 F. Supp. 2d 1148, 1154 (E.D. Cal. 2010), argue this lack of functional distinction warrants MCSO's dismissal. ECF 23 at 5. However, *Fontana* concerned the dismissal of two individual sheriffs sued in their official capacities. *Id.* at 1153. Here, Plaintiff is suing the Sheriff's Office itself, along three deputies in their individual capacities. *See* FAC.

Even if MCSO and Monterey County are duplicative, courts in the Ninth Circuit "have allowed a Section 1983 suit to proceed against a sheriff's department and its county." *Steel v. Alameda Cnty. Sheriff's Off.*, 428 F. Supp. 3d 235, 242 (N.D. Cal. 2019). Further, a court may dismiss "redundant defendants" but "it is not required to do so." *Id.* (citing *Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cty. Sheriff's Dep't*, 533 F.3d 780, 799 (9th Cir. 2008)). There is "simply is no rule of law requiring a court to dismiss a municipal entity as a duplicative, redundant, or unnecessary defendant in cases where the municipality itself is named." *Bryant v. Cnty. of L.A.*, No. 20-cv-9582-JFW(EX), 2020 WL 8024857, at *3 (C.D. Cal. Dec. 28, 2020) (citation omitted). Accordingly, the Court declines to dismiss MSCO at this early stage in the case.

**B. Plaintiffs Have Sufficiently Stated a Failure to Train Claim**

To state a claim for failure to train, Plaintiffs must allege: "(1) [Zamudio] was deprived of a constitutional right, (2) the City had a training policy that 'amounts to deliberate indifference to the [constitutional] rights of the persons' with whom [its police officers] are likely to come into contact'; and (3) [Zamudio's] constitutional injury would have been avoided had the City properly trained those officers." *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007) (citation omitted). A municipality is "deliberately indifferent" when the need for more or different action, "is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

Deliberate indifference can be inferred from a single incident when "the unconstitutional consequences of failing to train" are "patently obvious." *Hyde v. City of Willcox*, 23 F.4th 863, 874–75 (9th Cir. 2022).

Plaintiffs have sufficiently stated a claim for failure to train. Plaintiffs plausibly allege that Defendants failed to train their officers on, among other things, the use of deadly force against people who do not pose an immediate threat, de-escalation techniques, and using non-lethal alternatives, which resulted in the fatal shooting of Zamudio. FAC ¶¶ 69(a), (d), 70. This failure to train was "so obvious" that this single incident is sufficient to find Defendants' actions were deliberately indifferent to Zamudio's constitutional rights. *City of Canton*, 489 U.S. at 390 n.10; *see also Est. of Chivrell v. City of Arcata*, 623 F. Supp. 3d 1032, 1041 (N.D. Cal. 2022) (where officers were making "life-threatening decisions," a single incident was sufficient to state a failure to train); *Ross v. City of Oakland*, No. 14-cv-00800-MEJ, 2014 WL 4744191, at *4 (N.D. Cal. Sept. 22, 2014) (same). Though Defendants argue otherwise, for a failure to train claim, "a plaintiff need not always prove that there have been repeated violations." *Manzanillo v. Lewis*, 267 F. Supp. 3d 1261, 1276 (N.D. Cal. 2017). Accordingly, the Court DENIES Defendants' Motion on Plaintiffs' failure to train claim.

### C. Plaintiffs Have Not Stated a Ratification Claim

A municipality may be liable under § 1983 if "an official with final policy-making authority . . . ratified a subordinate's unconstitutional decision or action and the basis for it." *Rodriguez v. Cnty. of L.A.*, 891 F.3d 776, 802–08 (9th Cir. 2018) (quotation marks and citation omitted). "To show ratification, a plaintiff must prove that the 'authorized policymakers approved a subordinate's decision and the basis for it,'" which accordingly requires, "among other things, knowledge of the alleged constitutional violation." *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). "A policymaker's knowledge of an unconstitutional act does not, by itself, constitute ratification. Instead, a plaintiff must prove that the policymaker approved of the subordinate's act." *Id.*

Plaintiffs have not sufficiently alleged that Defendants knew of the alleged constitutional violation or approved of it. Plaintiffs allege that Defendants' failure to "redress systemic unconstitutional customs and practices and implemental procedural safeguards" amounts to ratification. FAC ¶ 76. However, Plaintiffs have not alleged any affirmative or deliberate conduct by any official with policy-making authority. *See Estate of Chivrell*, 623 F. Supp. 3d at 1041 (collecting cases dismissing ratification claims for allegations merely tracking the legal standard). While Plaintiffs may uncover facts during the discovery process, bare legal conclusions, such as those offered here, without factual allegations, are not enough to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 664 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."). Accordingly, the Court GRANTS Defendants' Motion as to Plaintiffs' ratification claim. Plaintiffs are granted leave to amend because additional facts could cure the pleading. *Lopez*, 203 F.3d at 1127.

**D. Plaintiffs Have Not Stated an ADA Claim**

To allege an ADA failure to accommodate claim, Plaintiffs must allege (1) Zamudio had a disability; (2) Zamudio was otherwise qualified to receive the benefit of some public entity's services, programs, or activities; (3) Zamudio was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such denial of benefits or discrimination was by reason of Zamudio's disability. *Bresaz v. Cnty. of Santa Clara*, 136 F. Supp. 3d 1125, 1132 (N.D. Cal. 2015). "[W]here, as here, a party alleges that he or she is disabled under the ADA, courts have generally required the party to plead the disability with some factual specificity" that they suffer from a "specific, recognized mental or physical illness." *Id.* at 1135–36.

Plaintiffs have failed to allege sufficient facts to state an ADA claim. Plaintiff generally alleges that Zamudio suffered from a "mental illness," FAC, ¶¶ 25, 82, 84–87, but that does not establish whether Zamudio's illness qualified as a disability under the ADA. Accordingly, the Court GRANTS Defendants' Motion as to Plaintiffs' ADA claim.

Plaintiffs are granted leave to amend because additional facts could cure the pleading. *Lopez*, 203 F.3d at 1127.

**III. CONCLUSION**

Defendants' Motion to Dismiss is GRANTED in part with respect to Plaintiffs' fifth and sixth claims and DENIED in part as to the fourth claim and MSCO. Plaintiffs are granted leave file an amended complaint by October 5, 2026. To be clear, in the interest of justice, the Court intends to allow Plaintiffs to take discovery before further amending their fifth claim. Plaintiffs may not add any claims or parties without leave of Court.

Defendants must respond to the amended complaint within fourteen days of its filing.

**IT IS SO ORDERED.**

Dated: August 25, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge